83,120-01

Tr. Ct. No. _Writ 08299_
Ct. of App. No. _WR-83,120-01_

EX PARTE
Charles Killingsworth

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

APR 29 2015

Abel Acosta, Clerk

## Applicant's Rebuttal Of State's Answer to Writ of Habeas Corpus

Now Comes Charles Killingsworth, pro-se applicant, and Pursuant Article 11.07, files this rebuttal of State's answer to Applicant's Writ of Habeas Corpus, and shows the following:

1. Applicant never waived any issues of ineffective assistance of counsel when he pleaded guilty for the first time, not the Second time as represented by the State in its answer, on October 15, 2014. The trial court did certify that the Applicant had no right to appeal. However, the Applicant did not waive his rights to file a prose petition for discretionary review, which he did file from the Hunt County Jail on November 2, 2014, which was never ruled on by the trial court. Therefore the Applicant had no other choice but to refile his writ,

petition for discretionary review, which he did in a timely manner.

2. The State represented in its answer that the trial court granted Applicant his motion for new trial. The Applicant was granted New trial on punishment only. See State's Exhibit 4 and 7 at page 2. If Applicant was granted a new trial he was misled and explained that only his sentencing trial could be granted. The Motion For New Trial was dismissed by operation of law. See State's Exhibit 7 at page 2.

3. The Applicant never claimed that he had an insanity defense base upon the evaluation by Dr. David Bell. See Applicant's Writ at pages 10-11. The Applicant never once brought up Dr. Bell. Since the State brought this issue to bare, the Applicant was diagnosed as mentally ill by a licensed psychiatrist for the State of Texas and placed on medications. See Applicant's writ at pages 8-11. The Bell evaluation the state relys upon isn't even for this case but a misdemeanor case. The Applicant was never evaluated or given any form of testing regarding the case at bar. The Applicant has an extensive history of mental illness. Dr. Bell did not review any of the Applicant's records. See, State's

-2-

Exhibit 8 at page 4.

WHEREFORE, premises considered, the Applicant's pro-se petition for discretionary review should be granted.

Respectfully Submitted,

*Charles Killingsworth*

Charles Killingsworth

TDCJ No. 1946656

Ellis Unit

1697 FM 980

Huntsville, Tx 77343

## Certificate of Service

I hereby certify that a true copy was placed in the U.S. Mail to: Keli M. Aiken, First Asst. Dist. Att.; Hunt County P.O. Box 441, Greenville, Tx 75403-0441